IN RICHMOND SUPERIOR COURT, JULY, 1832.

## Samuel Hale vs. Ira Burton.

### Distress for Rent and Replevy.

THIS is a proceeding under the rent law of 1811. It was originally returned to the Inferior Court, there tried and a verdict rendered for the plaintiff, from which the defendant appealed to this court. At the trial the plaintiff moved to dismiss the appeal, upon the ground that the case was not such a one, as, according to law, was the subject of appeal. The motion was overruled and a verdict rendered for the defendant, under the instruction of the court, that the distress for rent is a remedy which none but a landlord can have; and that as soon as the relation of landlord and tenant ceases, the remedy ceases with it. A new trial is now moved for by the plaintiff on the following grounds.

1. The court erred in not dismissing the appeal.

2. The court erred in repelling the evidence of the proceedings under the former distress warrant between the parties.

3. The court erred as to the lien and time of issuing distress warrants.

4. The court erred in allowing the defendant to take advantage of any irregularity in the distress warrant after having plead issuably in terms of the law in such cases made and provided.

*Per Curiam.* The first section of the act of 1811, on the subject of rent, requires the levying officer, if the goods distrained be replevied, to return his proceedings " to the court having cognizance of the same, and that the same shall be determined by a jury as practised in other cases of claim." It is plain that the summary remedy by distress was not intended to reach cases of contested claims for rent, nor to deprive tenant of his constitutional right of trial by jury; for, whenever he will swear that the whole or any part of the sum distrained for is not due, the matter shall be tried " by a jury as practised in other cases of claim." All the rights which belong to parties in ' cases of claim,' do then belong to parties to distress warrants, as soon as replevy is made; at least such as regard the mode of trial. Among these rights, a very important one is that of a trial before a special jury, upon appeal. And the court sees no reason, even if the words of the act were less explicit, why a tenant, who might become defendant in a distress warrant, should be denied a right enjoyed by almost every other party in our courts.

The rejection of the record, which is complained of as an error in the court, was on account of its imperfection. It was

Distress for rent is a remedy which none but a landlord can have, and as soon as the relation of landlord and tenant ceases, the remedy ceases with it.

but a garbled and imperfect record, and could not have been received without the violation of a well known rule of law.

Upon the *third ground* of alleged error, it is, that the plaintiff most strongly relies. The proof showed that the warrant issued years after the relation of landlord and tenant had ceased, between the parties and the property distrained was not upon the premises which had been rented. Upon these facts the jury were instructed by the court, that the plaintiff could not recover. 1st, Because there was no warrant in law for this proceeding, if the relation of landlord and tenant had ceased. And 2dly, because there is no authority in the act for the levy of a distress warrant beyond the demised premises.

The court now inclines to the opinion that it erred upon the second point. There is nothing in the act which confines the levying of the distress to the premises. It may be levied "on any property belonging to the said tenant." The form of proceeding does not seem to confine the levy to "property of the tenant" on the premises. It is strictly a judicial proceeding. The warrant must be issued by a justice of the peace, and be levied by a constable or sheriff according to the amount, and may become, as has been seen, the foundation of a suit in the Justice's Court, as well as the Inferior or Superior Courts. In it the landlord is but the *actor*, and there is no reason why the warrant should not be co-extensive with the authority or bailiwick of the levying officer. The words of the act do not restrain it; and a narrower construction would greatly impair the usefulness of the remedy.

But the warrant is to be levied on the property of the "*tenant*." This term must be understood in a technical sense. It seems to have been so used by the legislature. A tenant is technically one who holds under another; not a debtor. And it could not have been intended that all debtors for rent should be liable to this summary remedy, or the legislature would have used words sufficiently general to have conveyed that meaning, and not have used terms which limit it to those holding the relation of landlord and tenant. And acts giving summary remedy, out of the ordinary course of judicial proceedings, should be strictly construed, and confined to the cases clearly contemplated.

As to the 4th ground, if the court be correct in its views of the extent of the remedy, it follows necessarily, that the whole proceeding having been unauthorized by law, must be utterly void *ab initio*; and if so the irregularity may be taken advantage of at any time. Motion refused.

